<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **S.A.S.B. CORP.** *d/b/a OKEECHOBEE DISCOUNT DRUGS*,<br><br>       Plaintiff,<br><br>       v.<br><br>**JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC.,** *et al.*,<br><br>       Defendants. | Civil Action No. 23-21124 (ZNQ) (JTQ)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion to Dismiss the Amended Complaint filed by Defendants Janssen Pharmaceuticals Inc. and Johnson & Johnson Health Care Systems Inc. ("Defendants"). ("Motion," ECF No. 31.) Defendants filed a Moving Brief in support of the Motion. ("Moving Br.," ECF No. 31-1.) Plaintiff S.A.S.B. Corp. ("Plaintiff") filed an Opposition Brief ("Opp'n Br.," ECF No. 33), to which Plaintiff filed a Reply ("Reply Br.," ECF No. 35). Plaintiff also filed a Notice of Supplemental Authority (ECF No. 26), to which Defendants responded (ECF No. 27). The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[1] For the reasons set forth below, the Court will **GRANT** the Motion.

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

I.  **BACKGROUND AND PROCEDURAL HISTORY**[2]

The Court assumes the parties' familiarity with the underlying facts and procedural history and only recites those facts necessary to decide the instant Motion. For a comprehensive review of the factual and procedural history, reference is made to the Court's prior decision, *S.A.S.B. Corp. v. Johnson & Johnson Health Care Sys. Inc.*, Civ. No. 23-21124, 2024 WL 3949343, at *1 (D.N.J. Aug. 27, 2024). ("Opinion," ECF No. 21.)

On October 12, 2023, Plaintiff filed its initial class action complaint against Defendants, alleging a violation of the Telephone Consumer Protection Act ("TCPA"). ("Compl.," ECF No. 1.) As the Court noted in its prior decision:

> Plaintiff is a family-owned pharmacy. Defendants are subsidiaries of Johnson & Johnson. On October 20, 2020, Plaintiff's fax machine received a two-page "advertisement" that was allegedly sent by Defendants or someone acting on Defendants' behalf. Both pages of the Fax[3] recite an individual's name and telephone number at the top. The Fax purportedly promotes the sale of Xarelto,[4] a prescription medication licensed exclusively by Janssen, as well as the use of Janssen's CarePath program ("CarePath"),[5] including the program's website. CarePath is a patient support program that offers free savings options and resources for patients to learn about, afford, and stay on their medication. Its website has patient and provider portals. The Fax promotes CarePath's services for specific Johnson & Johnson products, gives pharmacists information to pass along to patients about the program, and is designed to influence Plaintiff and other pharmacists to recommend CarePath to patients.

---

[2] For the purpose of considering the instant Motion, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. Cnty of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[3] The Court considers the Fax because it is attached to the Amended Complaint as Exhibit A. (ECF No. 26-1). *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."); *see also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

[4] As alleged, "Xarelto is [Defendants'] trademarked brand name for Rivaroxaban, a prescription blood thinner prescribed to treat conditions such as coronary artery [] disease, deep vein thrombosis, and atrial fibrillation." (Am. Compl. ¶ 21.)

[5] As background, the Amended Complaint asserts that Defendants created an online service called "Janssen CarePath," which provides guidance on how to lower out-of-pocket costs of [Janssen's] drugs such as Xarelto. (*Id.* ¶ 27.)

> Plaintiff did not give permission or an express invitation for Defendants to send advertising material to its fax machine.

(Opinion at 2; "Am. Compl.," ¶¶ 1–20, ECF No. 26.)

Defendants filed a prior motion to dismiss on January 4, 2024. (ECF No. 14.) The Court granted that motion, partly on the basis that the "Fax [was] merely an informational message, and not an advertisement." (Opinion at 7.) The Court also found that "even if Plaintiff could cure the Complaint and allege facts to somehow support its claim that the Fax is an advertisement," the TCPA claim must also be dismissed "because the pleading is deficient of factual allegations to support that Defendants were the sender of the Fax." (*Id.*)

Plaintiff timely filed an Amended Complaint on September 30, 2024. (ECF No. 26.) The Court notes that Plaintiff's filing of the Amended Complaint failed to comply with Local Civil Rule 15.1(b)(2), which requires that a plaintiff file "a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading that it amends, by bracketing or striking through materials to be deleted and underlining materials to be added." Loc. Civ. R. 15.1(b); *see also Sammut v. Valenzano Winery LLC*, Civ. No. 18-16650, 2019 WL 2498767, *5, n.2 (D.N.J. June 17, 2019) (citation omitted) (indicating that dismissal may be appropriate where a plaintiff "did not properly indicate how the Amended Complaint differs from her original one" as required by Local Civil Rule 15.1). The Court exercises its discretion to overlook this procedural misstep and accepts the Amended Complaint as the operative pleading. The Court will therefore apply the Motion to Dismiss against the Amended Complaint.

## II.     SUBJECT MATTER JURISDICTION

The Court has federal question jurisdiction over the claim herein pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

### III. LEGAL STANDARD

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### IV. DISCUSSION

The TCPA generally prohibits the use of a fax machine to send an "unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). An unsolicited advertisement is defined by statute as

"any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." *Id.* § 227(a)(5).

The Third Circuit has held that "for the sending of the fax to violate the TCPA it must directly or indirectly inform that recipient that the sender or some other entity sells something of value." *Mauthe v. Nat'l Imaging Assocs., Inc.*, 767 F. App'x 246, 249 (3d Cir. 2019). "Moreover, the fax either must (1) notify a potential buyer that he or she can purchase a product, goods, or services from the sending entity or perhaps another seller . . . or (2) induce or direct a willing buyer to seek further information through a phone number, an email address, a website, or equivalent method for the purposes of making a purchase." *Id.* (citations omitted.)

Here, the Amended Complaint alleges that the Fax is an advertisement because it "seeks to promote future sales of Xarelto.  For example, 'Once you and your doctor have decided XARELTO is right for you, Janssen CarePath will help you find the resources you may need to help get started and stay on track.'" (Am. Compl. ¶ 40 (quoting Ex. A); ¶¶ 4, 39.)  The Amended Complaint also alleges that the Fax promotes the use of the Janssen CarePath program.  (*Id.* ¶¶ 5, 43, 44.)  Plaintiff's new allegations present additional facts: that Defendants have aggressively asserted their patent rights (*id.* ¶¶ 22–23); that Xarelto is expensive (*id.* ¶¶ 24); and that Defendants have spent a lot of money in advertising for Xarelto (*id.* ¶ 25).

Defendants' argue that the additions to the Amended Complaint have not cured the deficiencies identified in the Court's earlier decision, namely that its allegations are conclusory and fail to plausibly plead that the Fax is an advertisement. (Moving Br. at 5–10.)

In its opposition, Plaintiff insists that the Fax meets the standard for an advertisement, as defined by the Third Circuit's *Mauthe* decision because it "specifically directed patients to use

5

Defendants' CarePath service to lower out-of-pocket cost to purchase Defendants' product Xarelto." (Opp'n Br. at 14.) It "did not simply inform Plaintiff that copays charged by a particular insurer for Xarelto would be lower. Rather, the Fax encouraged patients prescribed Xarelto to contact Defendants' CarePath service to lower their cost to purchase Defendants' product Xarelto." (*Id*. at 14–15.) Plaintiff cites their new factual allegations as a basis for the Court to recognize the revenue at stake and, by extension, Defendants' commercial intent. (*Id*. at 15–16.) Plaintiff also urges the Court to ignore the second page of the Fax as "FDA compliance language" and to focus only on the first page of the Fax. (*Id*. at 18.)

For the reasons set forth below, the Court finds that the Amended Complaint fares no better than the initial one. The title of the Fax reads "Get Support for Your Janssen Medication." (Ex. A.) In its three substantive paragraphs, the first page of the Fax uses words that lack a commercial tone, like "support", "explore", "explain", and "help." The second page of the Fax provides information for Xarelto, which as was noted in the Court's prior decision, is insufficient for the Fax to be an advertisement. Notably absent from the Fax is pricing (including discounts or coupons) or other sales information normally associated with an advertisement. *See Physicians*, 2013 WL 486207, at *5 (noting that a fax is not an advertisement when it does not make patients aware of "where or how [Xarelto] is available for purchase," or contain any specific "pricing information, discounts, coupons, or product images" that are typically found in advertisements). In short, nothing in the Amended Complaint alters the Court's prior view that the Fax fails to notify a potential buyer that he or she can purchase a product, good, or service from Defendants.[6] *Mauthe*, 767 F. App'x at 249.

---

[6] In fact, the Amended Complaint concedes that a patient cannot purchase Xarelto directly from Defendants without a pharmacy as a middleman.

6

Moreover, the fact that a phone number and a website are provided in the Fax is not dispositive of whether it is an advertisement. *Id*. at 250 (declining to "adopt a standard under the TCPA which effectively would construe the inclusion of a website address in a fax as de facto advertising.") The information must be provided "for the purposes of making a purchase." *Id*. at 249; *see also Physicians*, 2013 WL 486207, at *6. But the Fax here is, again, coached in strictly informational terms such that the Amended Complaint does not, nor can it, plead that the phone number and website were provided for the purpose of making a purchase.[7]

Accordingly, the Court finds that the Fax is merely an informational message, and not an advertisement. To be clear, the Court is under no illusions. The Fax was likely drafted intentionally and with great care.[8] Nevertheless, it passes muster under the TCPA. The Motion will therefore be **GRANTED** and the Amended Complaint will be dismissed. Because the Court dismisses the Amended Complaint on this basis, it does not reach other arguments presented by Defendants in the Motion.

V.     **CONCLUSION**

For the reasons stated above, the Court will **GRANT** the Motion. Insofar as the Court finds further amendment futile, the Amended Complaint will be **DISMISSED WITH**

---

[7] The Court also attempted to visit the website JanssenPrescriptionAssistance.com. Understandably given that it is nearly five years after the Fax was sent, the site is no longer active and now instead re-directs web traffic to www.jnjwithme.com. To the extent it would even be relevant, the www.jnjwithme.com site appears to be merely informational as to a series of Johnson & Johnson products. (Site last visited June 24, 2025.).

[8] To the extent that Plaintiff's pleading can be read to implicitly invoke a pretext theory of liability under the TCPA, the Third Circuit has already expressed reservations as to that theory. *Mauthe*, 767 F. App'x at 250 ("We think that in almost all cases, a recipient of a fax could argue under a pretext theory that a fax from a commercial entity is an advertisement. The pretext theory, unless closely cabined, would extend TCPA's prohibition too far.")

**PREJUDICE**.  *See Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984); *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).  An accompanying Order will follow.


Date: June 25, 2025

                                                s/ Zahid N. Quraishi
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**